BC

FILED
9/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

ERIC CONNOR SUNDMAN,

Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

Defendant.

Case No. 1:26-cv-06690

Judge Joan Humphrey Lefkow

Magistrate Judge Daniel P. McLaughlin

## PLAINTIFF'S MOTION FOR REFERRAL TO THE MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE

Plaintiff Eric Connor Sundman, appearing pro se, respectfully moves this Court to refer this matter to Magistrate Judge Daniel P. McLaughlin for a settlement conference pursuant to the Court's inherent authority and the Local Rules governing referrals of this District. In support, Plaintiff states as follows:

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., based on Defendant National Credit Systems, Inc.'s handling of Plaintiff's credit dispute.

2. Magistrate Judge McLaughlin is already assigned to this matter for pretrial supervision.

3. Magistrate Judge McLaughlin previously presided over settlement and pretrial proceedings in a prior FDCPA action brought by Plaintiff, Sundman v. Sentry Credit, Inc., and is accordingly familiar with the procedural posture common to matters of this kind.

4. Concurrently with this motion, Plaintiff has filed a Motion to Compel addressing deficiencies in Defendant's discovery responses. Plaintiff requests that referral for a

settlement conference proceed without prejudice to, and independent of, the resolution of that motion.

5. Plaintiff has engaged in a documented, escalating pre-suit and post-service settlement process without any substantive counteroffer from Defendant. On May 15, 2026, Plaintiff offered to resolve the matter for $4,000, before filing any regulatory complaint or lawsuit; Defendant did not respond with a counteroffer. On June 5, 2026, after this action was filed but before formal service of process, Plaintiff extended a further settlement demand with a stated deadline of June 12, 2026; Defendant again did not counter, and Plaintiff proceeded with formal service. Defendant's only monetary offer to date came after service — a Rule 68 Offer of Judgment of $1,600, served August 10, 2026, which Plaintiff rejected. Plaintiff has continued to engage in good-faith settlement efforts throughout this litigation, including demands warranted by Plaintiff's calculation of actual and professional harm arising from Defendant's conduct. Defendant did not substantively engage with these demands and, on September 2, 2026, at approximately 1:30 a.m., communicated that it was shutting down all settlement discussions.

6. Plaintiff believes that a settlement conference conducted before a judicial officer, at this stage, would promote the efficient resolution of this matter and preserve judicial and party resources.

WHEREFORE, Plaintiff respectfully requests that the Court refer this matter to Magistrate Judge Daniel P. McLaughlin for a settlement conference, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Eric Connor Sundman
Eric Connor Sundman
Plaintiff, Pro Se
225 W Huron St. Apt 202
Chicago, IL 60654
919.397.0213

Eric.sundman.prose@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on [date], the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Craig C. Smith, counsel of record for Defendant National Credit Systems, Inc., and to all other counsel of record registered to receive electronic notice in this case.

/s/ Eric Connor Sundman