BC

FILED
9/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
KC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ERIC CONNOR SUNDMAN,
Plaintiff,
v.
NATIONAL CREDIT SYSTEMS, INC.,
Defendant.

Case No. 1:26-cv-06690
Judge Joan Humphrey Lefkow
Magistrate Judge Daniel P. McLaughlin

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Eric Connor Sundman, appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(a), to compel Defendant National Credit Systems, Inc. ("NCS" or "Defendant") to provide complete and substantive responses to Plaintiff's First Combined Discovery Requests, served August 12, 2026. In support, Plaintiff states as follows:

### I. BACKGROUND

1. Plaintiff served Defendant with First Combined Discovery Requests on August 12, 2026.
2. Defendant's responses were incomplete, evasive, and in some instances facially inconsistent with one another, as detailed in Section II below.
3. On September 11, 2026, Plaintiff served a Discovery Deficiency Notice pursuant to Local Rule 37.2, detailing these deficiencies and requesting a meet-and-confer conference.
4. The deadline to coordinate that conference lapsed on September 14, 2026, at 5:00 p.m. CDT, without response, coordination, or substantive communication from Defendant.
5. Plaintiff has accordingly satisfied the informal resolution requirement of Local Rule 37.2, and this motion follows.

## II. DISCOVERY DEFICIENCIES

### A. Incomplete Credit Reporting Production

Plaintiff's First Combined Discovery Requests sought complete e-OSCAR ACDV files, audit trails, and Metro 2 monthly batch transmission records across all three major credit reporting agencies for the full period of Defendant's handling of the disputed tradeline, January 2026 through August 2026. Defendant failed to produce complete records for that period, producing only isolated August 2026 records for Equifax and TransUnion while withholding Experian entirely and withholding January through July 2026 for every bureau. Bates NCS 0280 and NCS 0282 show that Defendant's employee Nikki Bonds verified both the Equifax and TransUnion tradelines within a sixty-second window — 10:13 a.m. and 10:14 a.m. on August 11, 2026 — a timeframe inconsistent with individualized review of underlying records, and consistent with defense counsel's August 10, 2026 written statement that Defendant lacked creditor documentation for the disputed tradeline.

### B. Conflicting Versions of the August 2026 TransUnion ACDV

Defendant produced two versions of the same TransUnion ACDV, both bearing ACDV Control Number 410926436097001: a completed form showing verification by Nikki Bonds on August 11, 2026, at 10:14 a.m. (NCS 0281–0282), and a second version, watermarked DRAFT, in which the Response Date, Response Code, and the Submitted By, Telephone Number, and Date Submitted fields are blank (NCS 0286–0287) — the same fields that establish who performed the verification and when. Defendant has admitted in response to Plaintiff's Requests for Admission that it maintains no written standard operating procedures or compliance manuals governing dispute investigations. Absent any documented process that would explain a partial, field-specific difference of this kind between the two versions bearing the identical control number, the selective nature of the blanked fields supports a reasonable inference that the difference was not inadvertent. Defendant has offered no explanation for the existence of two versions of the same control number or which, if either, reflects the review actually performed. This is separate from, but corroborates, Bates NCS 0280 and NCS 0282, which show that the same employee, Nikki Bonds, verified both the Equifax and TransUnion tradelines within a sixty-second window — 10:13 a.m. and 10:14 a.m. on August 11, 2026 — as set forth in Section A above.

### C. Withheld Investigation Files Concerning the Accessed Image Attachment

Defendant withheld the underlying dispute investigation files, internal notes, and communications concerning the accessed image attachment EFX1106801IMG1333.TIFF, notwithstanding defense counsel's written statement on August 10, 2026, that Defendant possessed no documentation from the original creditor.

### D. Withheld Written Policies and Procedures Despite Claimed Existence

Plaintiff's Request for Production No. 12 sought complete copies of Defendant's written standard operating procedures, compliance manuals, and training guides governing debt validation under 15 U.S.C. § 1692g(b) and credit bureau reporting under 15 U.S.C. § 1681s-2(b). In response to Plaintiff's Interrogatory No. 2, served the same day, Defendant represented that it has developed and maintained a detailed set of written policies and procedures over a thirty-year period, describing them at length, but stated these materials would be produced only "following entry of an acceptable protective order." No such protective order has been entered, sought, or proposed by Defendant, and the described materials have not been produced in response to Request for Production No. 12. Defendant cannot rely on the existence of its own policies and procedures to support its defenses while withholding the documents that would substantiate that reliance.

Defendant's discovery responses, both served September 11, 2026, are also internally inconsistent on the central factual question in this case. In response to Requests for Admission Nos. 8 and 9, Defendant denied that it failed to mail or electronically transmit verification documents directly to Plaintiff at any time between December 18, 2025, and July 21, 2026. Yet in response to Interrogatories Nos. 9 and 12, Defendant admitted that its representative, Raven Frierson, did not send validation to Plaintiff on or about December 29, 2025, because of Plaintiff's "do not contact" directive, and characterized this as a bona fide error. Defendant cannot simultaneously deny failing to send verification and admit, in the same set of discovery responses, that its own employee made a decision not to send it.

Defendant's stated basis for its bona fide error defense — that it withheld the mailing because Plaintiff's cease-communication request under 15 U.S.C. § 1692c precluded it — describes a legal judgment about how competing provisions of the FDCPA interact, not a clerical or factual error. The bona fide error defense under 15 U.S.C. § 1692k(c) does not extend to a debt

collector's mistaken interpretation of the legal requirements the FDCPA itself imposes. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 604-05 (2010). Plaintiff raises this now to place it on the record; the sufficiency of Defendant's bona fide error defense as a matter of law is properly addressed on a fuller record or by separate motion.

Defendant has further represented, in its Rule 26(a)(1) initial disclosures served September 11, 2026, that it maintains no insurance agreement under which any insurer may be liable to satisfy or indemnify a judgment in this action. Taken together with the absence of any produced written policies or procedures, Defendant has confirmed it maintains no documented institutional safeguard, financial or procedural, against the kind of legal misjudgment described above.

**E. Withheld Placement Contracts and Fee Schedules**

Defendant withheld its underlying placement contracts, fee schedules, and confidentiality agreements with NC Old Pineville, LLC, responsive to Request for Production Nos. 16 and 24 — the same category of agreements Defendant expressly cited in its June 2, 2026 response to Plaintiff's CFPB complaint as its basis for withholding statutory verification from Plaintiff.

**F. Withheld Personnel Files of Disclosed Witnesses**

Under Rule 26(a)(1)(A)(i), Defendant specifically identified Lucie Tran, Anjali Rana, and Nikki Bonds as individuals with discoverable knowledge supporting its defenses. No training tracking logs, performance evaluations, or disciplinary records for these individuals have been produced in response to Request for Production No. 7. Defendant cannot designate its own employees as witnesses supporting its defenses while withholding the records that speak to their training, competence, and disciplinary history in performing the very investigations at issue in this case.

**G. Improper Numerical Objection to Plaintiff's Interrogatories**

Defendant objected to Interrogatories Nos. 13 through 25 on the ground that Plaintiff exceeded the twenty-five interrogatory limit of Fed. R. Civ. P. 33(a)(1) by counting the subparts of earlier numbered interrogatories as separate requests. Plaintiff served twenty-five numbered interrogatories. Subparts that are logically or factually subsumed within, and necessarily related to, a single primary question are generally not counted as discrete interrogatories for purposes of

the Rule 33(a)(1) limit. Defendant's objection on this basis is without merit, and Defendant should be compelled to substantively answer Interrogatories Nos. 13 through 25.

### H. No Written Response to Plaintiff's Requests for Production

Rule 34(b)(2)(A)-(C) requires a party served with a request for production to respond in writing within the time specified, stating for each request either that inspection will be permitted, or the grounds for objecting with specificity, including whether any responsive materials are being withheld on the basis of an objection. Defendant has served no such written response to Plaintiff's twenty-nine Requests for Production. Instead, Defendant produced an undifferentiated batch of documents with no accompanying statement identifying which documents, if any, respond to which numbered request, and no statement of objections as to any request. This deficiency applies independently of, and in addition to, the specific unproduced categories identified in Sections D, E, and F above, and to every other Request for Production Defendant has not addressed in writing.

## III. LEGAL STANDARD

A party may move to compel a complete response when a discovery response is incomplete. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Neither an unentered protective order nor a boilerplate relevance or burden objection excuses production of underlying transactional records, personnel records of disclosed witnesses, or a party's own asserted policies and procedures — all of which remain independently discoverable.

## IV. CERTIFICATION OF GOOD-FAITH EFFORT (LOCAL RULE 37.2)

Pursuant to Local Rule 37.2, Plaintiff certifies that he served a Discovery Deficiency Notice on Defendant on September 11, 2026, identifying the deficiencies described above and requesting a meet-and-confer conference. Defendant did not respond, coordinate, or otherwise communicate by the September 14, 2026, 5:00 p.m. CDT deadline set in that notice. Plaintiff accordingly certifies that good-faith efforts to resolve these disputes without court action have been exhausted.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1. Compelling Defendant to produce complete e-OSCAR ACDV files, audit trails, and Metro 2 monthly batch transmission records for all three credit reporting agencies for the full period of January 2026 through August 2026;
2. Compelling Defendant to produce all versions of, and all available metadata associated with, the TransUnion ACDV bearing Control Number 410926436097001, together with an explanation for the discrepancies between them;
3. Compelling Defendant to produce all investigation files, notes, and communications concerning image attachment EFX1106801IMG1333.TIFF;
4. Compelling Defendant to produce its placement contracts, fee schedules, and confidentiality agreements with NC Old Pineville, LLC;
5. Compelling Defendant to produce the written standard operating procedures, compliance manuals, and training guides described in its response to Interrogatory No. 2, responsive to Request for Production No. 12;
6. Compelling Defendant to produce the training tracking logs, performance evaluations, and disciplinary records of Lucie Tran, Anjali Rana, and Nikki Bonds, responsive to Request for Production No. 7;
7. Compelling Defendant to provide complete, substantive answers to Interrogatories Nos. 13 through 25;
8. Compelling Defendant to serve a complete written response to each of Plaintiff's twenty-nine Requests for Production, as required by Fed. R. Civ. P. 34(b)(2)(A)-(C);
9. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Eric Connor Sundman

Eric Connor Sundman

Plaintiff, Pro Se
225 W Huron St Apt 202
919.397.0213
Eric.sundman.prose@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September, 20 2026, the forgoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Craig C. Smith, counsel of record for Defendant National Credit Systems, Inc., and to all other counsel of record registered to receive electronic notice in this case.

/s/ Eric Connor Sundman